IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LIZZETTE SANTIAGO DIAZ | |
| Plaintiff | |
| v. | Civil No. 03-1321(SEC) |
| LABORATORIO CLINICO Y DE REFERENCIA DEL ESTE, et al. | |
| Defendants | |

**ORDER**

Pending before the Court is Plaintiff's motion for relief from the Court's Opinion and Order of December 3, 2004 granting Co-defendants'[1] request for exclusion of Plaintiff's expert's testimony (Docket # 53). Co-defendants have opposed Plaintiff's request (Docket # 60). After carefully considering the parties' filings, the record, and the applicable law, we find that Plaintiff's request must be **DENIED**.

**Factual Background**

In order to better understand the procedural disarray through which Plaintiff has litigated her case it is highly imperative to enter into a detailed discussion of the incidents leading up to the Court's Opinion and Order of December 3, 2004 and those unraveling thereafter. For an entire year, the Court has had to lead Plaintiff by the hand, encouraging her to take the necessary steps in order to litigate her case, one painful step at a time. We will highlight some of these instances.

1. On December 11, 2003, faced with Plaintiff's failure to file proof of service for one of the defendants, the Court gave Rule 4(m) notice to Plaintiff (Docket # 28).

2. Also on December 11, 2003, two months after the expiration of the deadline for filing the Joint Case Management Memorandum, the Court ordered Plaintiff to file her

---

[1] Co-defendants Dr. Sara López and Laboratorio Clínico y de Referencia de Fajardo, Inc. are the only remaining defendants in this case. They will be collectively referred to as Co-defendants throughout this Order.

    portion of the same (Docket # 29).

3. On January 14, 2004, after Plaintiff's non-compliance with the above-mentioned Order, the Court ordered Plaintiff to show cause, by January 23, 2004, why the case should not be dismissed for failure to prosecute (Docket # 33).

4. On December 3, 2004 the Court ordered Plaintiff to show cause why the case should not be dismissed since the Court had stricken her expert witness' testimony for her failure to timely identify her expert and produce her expert's report (Docket # 52).

**Standard of Review**

Plaintiff seeks relief under Fed.R.Civ.P. 60(b). Rule 60(b)(6) provides that a party may seek amendment of a final judgment for "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b)(6). The decision to amend a final judgment is highly discretionary. Chang v. Smith, 103 F.R.D. 401, 405 (affirming that "it is widely recognized that a motion for relief from judgment pursuant to Rule 60(b) is addressed to the sound discretion of the Court"). However, Rule 60(b) only allows the amendment of **final** judgments and orders. See Fed. R. Civ. P. 60(b). In the instant case, there is no final order or judgment since the Court merely struck Plaintiff's expert's testimony. Nonetheless, the Court will review Defendant's request as "a routine request for reconsideration of an interlocutory district court decision." Greene v. Union Mut. Life Ins. Co., 764 F.2d 19, 22 (1st Cir. 1985)("Such requests do not necessarily fall within any specific Federal Rule. They rely on 'the inherent power of the rendering district court to afford such relief from interlocutory judgments . . . as justice requires.'")(citations omitted).

**Applicable Law and Analysis**

In her motion for relief from the Court's Opinion and Order, Plaintiff identifies as "[t]he crux of the Court's reason" that she never identified and produced her expert to Defendants. Plaintiff avers that she did in fact produce a short written report, *curriculum vitae*, and offered her expert witness for deposition prior to the Court's Opinion and Order.

**Civil No. 03-1321(SEC)** 3
_____

However, a review of Plaintiff's exhibit reveals that Plaintiff waited until October of 2004, seven (7) months after the conclusion of discovery and over a year after Plaintiff was required to identify her expert in the Joint Case Management Memorandum, to notify her expert and his report.[2] In addition, as stressed by Co-defendants, the document identified by Plaintiff as a report is not a report as required by the Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. We agree. The document consists of one page and states that "[d]ue to the economical situation of Lissette Santiago Díaz a Medical expert witness **report was not prepared**." (Docket # 54, Exhibit 1)(emphasis added). Thus, Plaintiff's noncompliance with the Court's previous orders and Fed.R.Civ.P. 26 is blatant and her attack on the "crux" of the Court's Opinion and Order is unavailing. Consequently, her motion for relief from the Court's Opinion and Order is **DENIED**.

Furthermore, Plaintiff's behavior following the Court's Opinion and Order is most indicative of her disinterest in the prompt and efficient resolution of her claims. Plaintiff's feet dragging is also evident by the untimeliness of her opposition to Co-defendant's motion to dismiss and/or for summary judgment (Dockets ## 40-41), her complete failure to file her portion of the Pretrial Order, which was due on June 7, 2004,[3] her failure to comply with the Court's last show cause order, and most crucially, her failure to produce her expert's report, a subject of much debate, until March of 2005, a year after the conclusion of discovery (Docket # 66).

Finally, in its Opinion and Order, the Court ordered Plaintiff to show cause, by December 20, 2004, why the case should not be dismissed. Plaintiff was forewarned that

---

[2] Co-defendants take issue as to the address to which Plaintiff mailed these documents. However, given the untimeliness of said mailing, the Court will not reach a conclusion as to the fact that Plaintiff sent the documents to the wrong address.

[3] Co-defendants timely submitted their portion of the Joint Pretrial Order, stating that their attempts to obtain Plaintiff's participation in the preparation of said document were unsuccessful (Docket # 42).

**Civil No. 03-1321(SEC)**                                                                                                               4
_____

failure to comply with said Order would result in the dismissal of the case for failure to prosecute. Once again, Plaintiff has demonstrated her obstinacy and has not complied with the Court's Order. This is the last straw. Plaintiff's continued incidents of contempt have snowballed into a complete and utter failure to prosecute her claims. The Court cannot and will not continue to tolerate Plaintiff's disregard for the Court's orders, especially when Plaintiff has made it abundantly clear that she has no interest in effectively litigating her claims. It was out of an abundance of caution that the Court did not previously dismiss Plaintiff's case at Co-defendants' behest. However, Plaintiff's subsequent inactions have eviscerated any doubt that the Court might have had as to the propriety of dismissal. Plaintiff's bald allegations of her interest in litigating her case are unavailing in light of her actions to the contrary.

   Fed. R. Civ. P. 16(f) and Local Rule 16(g) provide for the imposition of any sanctions as are deemed just by the Court, when a party fails to comply with the Court's scheduling orders. Furthermore, as noted by the United States Supreme Court, "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31(1962). The First Circuit has noted that "in a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13 (1st Cir. 1996).

   Per the above discussion and Plaintiff's continued failure to comply with this Court's orders, Plaintiff's claims against Co-defendants are **DISMISSED WITH PREJUDICE**. Judgment will be entered accordingly.

            **SO ORDERED.**
   In San Juan, Puerto Rico, this 19th day of August, 2005.

                                       S/ *Salvador E. Casellas*
                                       SALVADOR E. CASELLAS
                                       U.S. Senior District Judge